**Electronically Filed
Intermediate Court of Appeals
29947
23-DEC-2010
09:00 AM**

NO. 29947

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JORDAN KALEIKAUMAKA WHITE, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 08-1-1510)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Reifurth, J.,
with Foley, J., concurring separately)

Defendant-Appellant Jordan Kaleikaumaka White (White) appeals from the June 29, 2009 Amended Judgment of Conviction and Sentence (Amended Judgment) of the Circuit Court of the First Circuit (Circuit Court),[1] convicting him of Unauthorized Control of a Propelled Vehicle under section 708-836, Hawaii Revised Statutes (HRS).[2] White was sentenced as a repeat offender, pursuant to HRS § 706-606.5,[3] to five years in prison with a

---

[1]    The Honorable Dexter D. Del Rosario presided.

[2]    A person commits the offense of unauthorized control of a propelled vehicle if the person intentionally or knowingly exerts unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent or by changing the identity of the vehicle without the owner's consent.

HAW. REV. STAT. § 708-836(1) (Supp. 2009).

[3]    Notwithstanding section 706-669 and any other law to the contrary, any person convicted of . . . section 708-836 relating to unauthorized control of propelled vehicle . . . shall be sentenced to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:

(a)    One prior felony conviction:

. . . .

mandatory minimum of three years and four months to be served.

On appeal, White argues that it was erroneous for the Circuit Court to deny his March 6, 2009 Motion for Judgment of Acquittal/Dismissal and/or New Trial (Motion for New Trial) because the jury impermissibly shifted to him the burden of proof, and thereby denied him of his right to a fair trial.

After careful review of the issues raised, arguments advanced, applicable law, and the record in this case, we resolve White's point of error as follows:

White's contention that the jury shifted the burden of proof is based on a post-trial conversation between White's counsel (Counsel) and the jury foreperson. According to Counsel's declaration in support of the Motion for New Trial, the foreperson said, among other things, that "the jury wanted [White] to give them more evidence of effort, such as whether he asked friends or relatives about the date in question (i.e. alibi)[.]" In a subsequently filed memorandum, White added that the foreperson explicitly stated that "if [White] only did so, it might have made a difference, especially with the male members of the jury[.]" Counsel described the foreperson's comments as "a summary of sorts, that's the way I interpret it, of what went on with the jury."

Counsel's representations do not establish burden shifting on the part of the jury or an abuse of discretion on the Circuit Court's part in refusing to grant a new trial. A single juror's contention that "the jury wanted" anything, or that additional testimony "might have made a difference," without further explanation or context is indicative of little. The question we are left to answer, then, is whether, based on what was said by the foreperson, the Circuit Court erred in failing to further interrogate the jury.

When a defendant in a criminal case claims that he or she was deprived of the right to a fair trial by an impartial

---

(iii) Where the instant conviction is for a class B felony
-- three years, four months[.]

HAW. REV. STAT. § 706-606.5(1) (Supp. 2009).

jury,

> the initial step for the trial court to take . . . is to
> determine whether the nature of the alleged deprivation
> rises to the level of being substantially prejudicial.  If
> it does not rise to such a level, the trial court is under
> no duty to interrogate the jury. . . . And whether it does
> rise to the level of substantial prejudice . . . is
> ordinarily a question committed to the trial court's
> discretion[.]

*State v. Furutani*, 76 Hawai'i 172, 180, 873 P.2d 51, 59 (1994)
(quoting *State v. Keliiholokai*, 58 Haw. 356, 359, 569 P.2d 891,
895 (1977)) (original brackets omitted).

> The defendant bears the initial burden of making a
> *prima facie* showing of a deprivation that "could
> substantially prejudice [his or her] right to a fair trial"
> by an impartial jury. [*State v. Williamson*, 72 Haw. 97,
> 102, 807 P.2d 593, 596 (1991)]; cf. *Lopez v. State*, 527
> N.E.2d 1119, 1130 (Ind. 1988) ("A defendant seeking a
> hearing on juror misconduct must first present some
> specific, substantial evidence showing a juror was possibly
> biased." (citation omitted)).  But once a rebuttable
> presumption is raised, the burden of proving harmlessness
> falls squarely on the prosecution.

*Furutani*, 76 Hawai'i at 181, 873 P.2d at 60.

> Our duty, then, on review of the actions taken by the
> trial court on this issue, giving due deference to the trial
> court's discretion, is to make an independent examination of
> the totality of the circumstances to determine if there are
> any indications that the defendant's trial was not
> fundamentally fair.

*Keliiholokai*, 58 Haw. at 360, 569 P.2d at 895 (description of
defendant's prior convictions in a local newspaper report should
have prompted *voir dire* of the jury to determine exposure and
effect).

The fact that White testified at trial is central to
our analysis.  Unlike the *Furutani* case, where the defendant had
exercised his constitutional right to not testify, and where jury
members were alleged to have commented critically on that
decision, White here testified.  He was subject to the same tests
of credibility as any other witness.  *See State v. Plichta*, 116
Hawai'i 200, 217, 172 P.3d 512, 529 (2007) (citing *State v.
Pokini*, 57 Haw. 17, 22, 548 P.2d 1397, 1400 (1976)).  In
addition, Counsel himself characterized the foreperson's comments
as a mere "summary" of "what went on with the jury."

3

We concur with the Circuit Court that the foreperson's comments "[go] to a consideration of the weight and credibility of the defendant's testimony, which is the province of the jury." "When the [defendant] testifies on the main trial, it is not error for the jury to discuss his failure to produce other evidence in his behalf." *Johnson v. State*, 366 S.W.2d 560, 562 (Tex. Crim. App. 1963) (affirming denial of motion for new trial when juror commented that it was unusual that the defendant, who had testified, did not call additional witnesses to testify on her behalf); *see also State v. Hauge*, 103 Hawaiʻi 38, 56, 79 P.3d 131, 149 (2003) (prosecution's questions and comments about defendant's failure to "explain away" DNA evidence constituted permissible commentary on the evidence); *cf. State v. Mainaaupo*, 117 Hawaiʻi 235, 257, 178 P.3d 1, 23 (2008) ("the prosecution may invoke the adverse inference against the defendant for his failure to call a witness when it would be natural under the circumstances for the defendant to call the witness and when the comments do not suggest to the jury that it was the defendant's burden to produce proof by explaining the absence of witnesses or evidence" (quoting *State v. Padilla*, 57 Haw. 150, 160, 552 P.2d 357, 364 (1976) and *U.S. v. Bautista*, 23 F.3d 726, 733 (2d Cir. 1994) (internal quotation marks and brackets omitted)).

"The prosecution may 'comment on the state of the evidence, the defendant's failure to call logical witnesses, and/or to present material evidence without shifting the burden of proof to the defendant.'" *Hauge*, 103 Hawaiʻi at 55, 79 P.3d at 148 (quoting *State v. Napulou*, 85 Hawaiʻi 49, 59, 936 P.2d 1297, 1307 (App. 1997)) (brackets and ellipsis omitted). The foreperson's observation that the defendant's credibility might have been enhanced by evidencing concern for his whereabouts on the date in question is of similar import. Therefore, the Circuit Court did not abuse its discretion in finding that White did not satisfy his burden of making a *prima facie* showing of a deprivation that could substantially prejudice his right to a fair trial by an impartial jury.

Therefore,

IT IS HEREBY ORDERED that the June 29, 2009 Amended Judgment of Conviction and Sentence entered in the Circuit Court of the First Circuit is affirmed.

DATED:    Honolulu, Hawai‘i, December 23, 2010

Chief Judge

Associate Judge

I concur in the result.

Associate Judge

On the briefs:

Nelson W.S. Goo
for Defendant-Appellant.


Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.